IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-445-BO

| | | |
|---|---|---|
| BUTTERBALL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JOS SANDERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. Also pending before the Court is defendant's motion to the stay initial attorneys' conference and subsequent discovery activities, to which plaintiff has responded. For the reasons discussed below, defendant's motions are denied.

BACKGROUND

Plaintiff filed this action on September 2, 2015, alleging claims for trademark infringement, 15 U.S.C. § 1114, false designation of origin and unfair competition, 15 U.S.C. § 1125, violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and unfair and deceptive trade practices under North Carolina Law. N.C. Gen. Stat. § 75.1-1. Plaintiff is the owner of all right, title, and interest in a family of common law and registered trademarks and servicemarks for or incorporating BUTTERBALL. Plaintiff alleges that, as a result of its efforts widely advertising, promoting, and selling its products, the public has come to

recognize the marks listed in the complaint as being solely associated with plaintiff and its high quality products.

Plaintiff makes the following allegations about defendant and defendant's conduct in its complaint. Plaintiff alleges that in 2014 it discovered that defendant was using the term "Butterball Ham" in connection with certain ham products that it sold through its website. Plaintiff met with defendant to discuss defendant's use of "Butterball Ham" and the likely customer confusion which would arise from such use. Plaintiff contends that after the meeting with defendant and exchanges of letters between counsel defendant began extensively expanding its use of "Butterball Ham" as well as other variations of "Butterball". For example, from July 2014 through November 2014 defendant acquired over forty domains incorporating the term Butterball in the domain name, including butterballholiday.com, butterballgobblegobble.com, and butterballham.com.

Plaintiff again attempted to resolve its concerns with defendant, proposing a meeting with a mediator at a neutral site. When this attempt at resolution failed, plaintiff instituted the instant action. Defendant is alleged to be a Michigan corporation with principal offices in Cuter, Michigan. Plaintiff alleges in its complaint that this Court has personal jurisdiction over defendant as defendant holds itself out as doing business throughout the United States through an e-commerce website allowing for the direct purchase and shipment of their products throughout the United States and defendant's acts of unfair competition have caused and are causing harm to plaintiff in North Carolina.

2

Case 5:15-cv-00445-BO   Document 35   Filed 10/13/16   Page 2 of 6

DISCUSSION

I.   MOTION TO DISMISS

Where a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997); *Young v. F.D.I.C.*, 103 F.3d 1180, 1191 (4th Cir. 1997). When a court considers a challenge to personal jurisdiction without an evidentiary hearing and on the papers alone, it must construe the relevant pleadings in the light most favorable to the plaintiff and draw inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

For a district court to properly assert personal jurisdiction over a nonresident defendant, two conditions must be met: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Because North Carolina's long-arm statute is construed to give "the North Carolina courts the full jurisdictional powers permissible under federal due process," *Vishay Intertechnology, Inc. v. Delta Intern. Corp.*, 696 F.2d 1062, 1065 (4th Cir. 1982) (citation omitted), these inquiries collapse into one. *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997).

This Court may exercise personal jurisdiction consistent with due process if a defendant has "minimum contacts" with the forum such that to require them to defend their interests in North Carolina "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). If the foreign party maintains "continuous and systematic" contacts with a state, the state has general personal jurisdiction over the party, and the nonresident may be sued in that state on any claim. *See Perkins v. Benguet Consol.*

3

*Mining Co.*, 342 U.S. 437, 446 (1952). When there are no such contacts, a court may assert personal jurisdiction if the litigation arises out of the defendant's specific contacts with the forum. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n. 8 (1984); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) ("Specific jurisdiction . . . depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes places in the forum State and is therefore subject to the State's regulation.") (internal alterations, quotation, and citation omitted).

In response to defendant's motion to dismiss, plaintiff argues that this Court has specific jurisdiction over defendant. Plaintiff contends that this jurisdiction is based upon defendant's maintenance and operation of an e-commerce website from which it sells its products directly to consumers and ships its products anywhere in the United States. "As technology and electronic commerce ("e-commerce") continue to evolve, so must the understanding of due process and the meaning of purposeful availment." *Bright Imperial Ltd. v. RT MediaSolutions, S.R.O.*, No. 1:11-CV-935-LO-TRJ, 2012 WL 1831536, at *1 (E.D. Va. May 18, 2012). The Fourth Circuit has adopted a sliding scale for determining whether personal jurisdiction exists in the context of internet-based activities, holding that

> a State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts.

*ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002). This standard governs when determining whether, as here, an out-of-state citizen has through electronic means conceptually entered a state via the internet sufficient to establish jurisdiction over that citizen. *Id.* at 711.

The Court finds that defendant's contacts with North Carolina are sufficient to establish specific personal jurisdiction in this instance. Defendant has offered its allegedly infringing products for sale on its interactive website and has therefore directed electronic activity into North Carolina. *See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 304 F. Supp. 2d 769, 771 (M.D.N.C. 2004). Indeed, defendant does not dispute that it has sold and sells its allegedly infringing products to customers in North Carolina through its website. *See Young Again Prod., Inc. v. Acord*, 307 F. Supp. 2d 713, 717 (D. Md. 2004) (noting that even low numbers of internet sales to the forum state sufficient to establish personal jurisdiction); *see also Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (entry into contracts with residents of foreign jurisdiction which involve knowing transmission of computer files sufficient to establish personal jurisdiction). "Defendant['s] Internet activity is [also] directly related to the claims brought against it in this action." *Young Again Prod.*, 307 F. Supp. 2d at 717.

While defendant contends that the contents of its website highlight its local character as a Custer, Michigan business, *see Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 401 (4th Cir. 2003), also prominently displayed on defendant's website is that it ships its products anywhere in the United States. Furthering distinguishing this case from *Carefirst* is that defendant is engaged in commercial transactions with residents of North Carolina, while in *Carefirst* products were not sold or sent to Maryland. Finally, while not determinative, that plaintiff feels the alleged injury in North Carolina is relevant to the inquiry. *ESAB Grp.*, 126 F.3d at 626.

For these reasons the Court holds that exercising personal jurisdiction over defendant comports with due process and does not offend traditional notions of fair play and substantial justice.

II.   MOTION TO STAY INITIAL ATTORNEYS' CONFERENCE

In light of the foregoing, defendant's motion to stay the initial attorney's conference and subsequent discovery activities is denied as moot.

## CONCLUSION

Accordingly, defendant's motion to dismiss [DE 21] is DENIED and motion to stay [DE 30] is DENIED AS MOOT.

SO ORDERED, this 12 day of October, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6